# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TNT Finical, Inc.,

                    Plaintiff,        Case No. 25-cv-12181

v.                                 Judith E. Levy
                                 United States District Judge

Shantae M. Jones,

                                 Mag. Judge Elizabeth A. Stafford

                    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2] AND DISMISSING THE CASE WITHOUT PREJUDICE

Defendant Shantae M. Jones, who is self-represented or proceeding *pro se*, initiated this action in July 2025. (ECF No. 1.) The notice of removal filed by Defendant indicated that he removed a case from 7th Judicial Circuit Court in Genesee County, Michigan. (*See id.* at PageID.1, 4, 10.) The notice of removal stated that the removal was under 28 U.S.C. § 1443. (*Id.* at PageID.2–3, 10.) Defendant submitted an application to proceed in this Court without prepaying fees or costs. (ECF No. 2.) For the reasons set forth below, Defendant's application is granted, and the case is dismissed without prejudice.

As noted, Defendant filed an application to proceed without prepaying the fees or costs for this litigation. (*Id.*) Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). According to Defendant's application, he owns his home, as well as a 1994 Cadillac and other vehicles. (ECF No. 2, PageID.82.) His monthly expenses consist of utility bills. (*Id.*) He receives no pay or wages, has no other sources of income, and has no savings. (*Id.* at PageID.81–82.) Given Defendant's lack of financial resources and discretionary income, the Court finds that Defendant satisfies the requirements under § 1915(a)(1). His application to proceed in this Court without prepaying fees or costs (ECF No. 2) is therefore GRANTED.

On July 23, 2025, the Court issued an order striking the notice of removal and an order for Defendant to show cause. (ECF No. 10.) The notice of removal was stricken because it "[c]ontain[ed] information that must be redacted (e.g., social security number, taxpayer identification number, birth date, minor's name, financial account number)." (*Id.* at

PageID.132 (citing Fed. R. Civ. P. 5.2).) The Court instructed that "[b]y **August 6, 2025**, Defendant Shantae M. Jones must file a redacted version of the removal notice in full compliance with the applicable rule(s)." (*Id.* (emphasis in original).) The Court then instructed Defendant to show cause. The portion of the order requiring Defendant to show cause stated:

> [T]he docket sheet for the state-court case being removed (Case No. 2025-0000050484-AV) reflects that Defendant is the plaintiff in the state-court action. "Sections 1446(a) and 1455(a) of Title 28 authorize only the state-court defendants to remove cases to federal court." 14C Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3730 (Rev. 4th ed. 2025). Nothing in the removal notice demonstrates that an exception applies that allows Defendant (the plaintiff in the state-court action) to remove the case to this Court. Accordingly, by **August 6, 2025**, Defendant must show cause in writing why the case should not be dismissed because the removal was improper.

(*Id.* at PageID.132–133 (emphasis in original).) The order concluded with the following warning: "**Failure to comply with this order will result in sanctions, including the dismissal of the action.**" (*Id.* at PageID.133 (emphasis in original).)

After the Court issued its order on July 23, 2025, Defendant submitted numerous documents. (ECF Nos. 11–23.) But none of the

documents is a notice of removal. And none of the documents demonstrate that the case was properly removed.

The deadline imposed in the Court's July 23, 2025 order elapsed almost two months ago, and Defendant has not complied with the order. Defendant has not refiled a notice of removal or shown that removal was proper, as required by the show cause order. Nor has he asked for more time to file a removal notice or to respond to the Court's order to show cause. The order warned Defendant about the possibility of dismissal if he failed to comply with the order. (ECF No. 10, PageID.133.)

Due to Defendant's non-compliance with the Court's order, there is currently no notice of removal in the case. Section 1446(a) instructs that "[a] defendant . . . desiring to remove any civil action from a State court shall file" in the appropriate federal district court a removal notice that meets certain requirements. *See* 28 U.S.C. § 1446(a)–(b). Because there is no removal notice, Defendant has not met the requirements for removal under § 1446(a). *See id.* In addition, Defendant has not met his burden of establishing that the case was properly removed to this Court. *See id.*; *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989)

("As with any removal statute, the defendant has the burden of establishing that removal is proper."); 14C Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3721 (Rev. 4th ed. 2025) ("On innumerable occasions the federal courts have held that the defendant has the burden of establishing that the requirements of the relevant federal statutes have been met and that removal is proper.").

In light of Defendant's failure to comply with the Court's order and his failure to establish that removal was proper, the Court finds it appropriate to dismiss the case. Given the current posture of the case, the dismissal is without prejudice. *See Franke v. Norfolk S. Ry. Co.*, No. 21-3848, 2023 WL 3413919, at *3 (6th Cir. May 12, 2023) ("Th[e Sixth Circuit] follows the general principle that 'a district court has broad discretion to manage its docket.'" (quoting *Am. C.L. Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010))).

Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 2, 2025          s/Judith E. Levy
       Ann Arbor, Michigan      JUDITH E. LEVY
                                United States District Judge

5

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager